# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| MARCUS GIBSON, Register No. 1149571, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4172-CV-C-SOW |
| | ) | |
| COLUMBIA POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Marcus Gibson, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]  Named as defendants are the Columbia Police Department, the City of Columbia, Missouri, Bruce Houston and four John Does.

Plaintiff claims he was beaten with a baton, punched, maced, kicked and strip-searched in public, without justification, in violation of his constitutional rights.  Plaintiff claims defendant Houston and four other John Doe officers participated in the assault.

Plaintiff has been granted provisional leave to proceed without prepaying the filing fee and costs.  28 U.S.C. § 1915(a).  Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).  Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).  The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff's claims against the Columbia Police Department should be dismissed. The Columbia Police Department is not a person within the meaning of 42 U.S.C. § 1983, and lacks a legal identity making it subject to suit under Missouri law. See Simon v. St. Louis County Police Dept., 14 F.E.P. 1363 (E.D. Mo. 1977). Thus, the court will recommend dismissal of plaintiff's claims against the Columbia Police Department.

Likewise, plaintiff's claims against the City of Columbia, Missouri, should be dismissed. Local governmental units, such as a city or county, are included among those to which section 1983 applies. Monell v. Department of Soc. Serv. of City of N.Y., 436 U.S. 658, 690 (1978). However, liability of a municipality under section 1983 cannot be premised merely on the fact that it employs a tort-feasor or tort-feasors; in other words, section 1983 liability against a local governmental unit cannot be based upon a respondeat superior theory. Id. at 691. In order to establish liability of a municipality under Monell, the plaintiff must establish that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." Id. at 694. See also St. Louis v. Praprotnik, 485 U.S. 112 (1988); Jett v. Dallas Indep. School Dist., 491 U.S. 701 (1989). Thus, plaintiff must allege facts indicating that the municipal defendants were acting pursuant to official municipal policy in order to state a claim under section 1983 against the municipality.

Although plaintiff's allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

Generally, the use of "John Doe" defendants is not permitted in federal practice. Iseley v. Bucks County, 549 F. Supp. 160, 163 n.3 (E.D. Pa. 1982); Rosenthal v. State of Nevada, 514 F. Supp. 907, 914 (D. Nev. 1981); Breslin v. City and County of Philadelphia, 92 F.R.D. 764 (E.D. Pa. 1981); Joel v. Various John Does, 499 F. Supp. 791, 792 (D. Wis. 1980); United States, ex rel. Davis v. Long's Drugs, Inc., 411 F. Supp. 1144, 1153 (S.D. Cal. 1976); M.J. Brock & Sons, Inc. v. City of Davis, 401 F. Supp. 354, 357 (N.D. Cal. 1975). In some instances, however, the use of "John Doe" defendants has been permitted where the identity of the alleged defendants is not known prior to the filing of the complaint, but may be determined through pretrial discovery.

See Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980); Productions & Leasing v. Hotel Conquistador, Inc., 573 F. Supp. 717 (D. Nev. 1982), aff'd, 709 F.2d 21 (9th Cir. 1983). Other defendants may be ordered to provide the identity of John Doe defendants or plaintiff may be permitted discovery to identify John Doe defendants. Weiss v. Moore, No. 92-2848, slip op. (8th Cir. Apr. 12, 1993) (unpublished) (citing Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)).

Furthermore, "[d]ismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention" and upon discovery of the defendant's identity, plaintiff should be permitted to amend his complaint. Munz v. Parr, 758 F.2d at 1257.

Plaintiff will be given a short period of time after discovery begins to identify the John and Jane Doe defendants. If he does not do so in a timely manner, his claims against the unnamed defendants will be recommended dismissed.

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that the clerk of court forward appropriate process forms to plaintiff. It is further

ORDERED that within twenty days, plaintiff return the completed summons and service forms showing the address where defendant may be served. It is further

ORDERED that upon receipt of the completed forms, the clerk of court deliver the summons and complaint to the United States Marshal for service of process. It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2). It is further

ORDERED that defendants answer or otherwise respond, pursuant to Rules 4 and 12, Federal Rules of Civil Procedure, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's claims against defendants Columbia Police Department and the City of Columbia be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 19th day of October, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4

Case 2:09-cv-04172-NKL   Document 11   Filed 10/19/09   Page 4 of 4