IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARCUS GIBSON, Register No. 1149571,　　）
　　　　　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　Plaintiff,　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）
　　　　　　　　　v.　　　　　　　　　　　）　　Case No. 09-4172-CV-C-SOW
　　　　　　　　　　　　　　　　　　　　　）
BRUCE HOUSTON, et al.,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）
　　　　　　　　　Defendants.　　　　　　　）

## ORDER

On October 19, 2009, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims against the Columbia Police Department and the City of Columbia for failure to state a claim on which relief may be granted. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on December 4, 2009. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff's prayer for appointment of counsel, included in his objections, is denied, without prejudice. There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam). Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'" Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel. Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint. [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim. In addition to the merits of a case, a court may consider any of a number of factors. Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted). See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in Ferguson v. Fleck, 480 F. Supp. 219 (W.D. Mo. 1979), at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . . Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts. Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision. Meritorious claims, however, would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. Green v. Wyrick, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize

the federal courts to make coercive appointments of counsel." <u>Mallard v. United States Dist. Court for the Southern Dist. of Iowa</u>, 490 U.S. 296, 310 (1989).

The issues in plaintiff's complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff's claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the appropriate motions and the court has ruled on said motions, plaintiff may again request appointment of counsel.

On December 4, 2009, plaintiff filed a motion to amend. Upon consideration,

IT IS ORDERED that [14] plaintiff's motion to amend his complaint to identify two John Doe defendants as Officers Jeff Rukstad and Don Weaver is granted. It is further

ORDERED that [15] plaintiff's motion for appointment of counsel is denied, without prejudice. It is further

ORDERED that [11] the Report and Recommendation of October 19, 2009, is adopted. It is further

ORDERED that plaintiff's claims against defendants Columbia Police Department and the City of Columbia are dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

                /s/ Scott O. Wright
                SCOTT O. WRIGHT
                Senior United States District Judge

DATED: <u>December 29, 2009</u>